THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KOREAN YEDAM CHURCH, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, an agency of the United States Government, *et al.*,<br><br>Defendants. | CASE NO. C15-0802-JCC<br><br>ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT |

This matter comes before the Court on the parties' cross motions for summary judgment (Dkt. Nos. 19, 20). Having thoroughly considered the parties' briefing[1] and the relevant record, the Court finds oral argument unnecessary and hereby DENIES Plaintiffs' motion (Dkt. No. 19) and GRANTS Defendants' motion (Dkt. No. 20) for the reasons explained herein.

## I. BACKGROUND

Plaintiff Chang Min Jun is a Korean citizen who entered the United States in September

---

[1] Plaintiffs filed a surreply addressing the merits of this case. Under Local Civil Rule 7(g), a surreply is generally limited to a request to strike material contained in or attached a reply brief. *See also Lewis v. Everett High Sch.*, 2007 WL 2712976 at *1 (W.D. Wash. 2007) ("Plaintiff's surreply did not contain a request to strike material contained in defendants' reply brief and was therefore not authorized by the Local Rule 7(g)."). The Court did not grant Plaintiffs leave to file a surreply further arguing the merits. (*See* Dkt. Nos. 16, 18). The Court will not address the arguments raised in Plaintiffs' surreply.

2005 on an F-1 student visa. AR 8. Upon entering the United States, Jun began his studies at Faith Evangelical College and Seminary. AR 8. On July 12, 2006, Faith Evangelical put Jun on academic probation. *See* AR 128. On September 25, 2006, Faith Evangelical terminated Jun's student status for failure to enroll in classes for the Fall 2006 term. AR 8, 11.

On September 29, 2006, Jun and co-Plaintiff Korean Yedam Church filed Form I-129R, seeking to hire Jun as a minister at the church and change his status from F-1 student to R-1 religious worker. (*See* Dkt. No. 1 at 6-7.) On March 15, 2007, the United States Citizenship and Immigration Services (USCIS) issued a request for evidence (RFE). (*Id.* at 7.) Plaintiffs responded to the RFE on June 5, 2007. (*Id.*) On July 19, 2007, USCIS denied the I-129 petition, concluding that Jun was not in valid nonimmigration status at the time the form was filed. (*Id.*)

On November 30, 2007, Plaintiffs, through new counsel, requested discretionary review of the denial. AR 148. Plaintiffs alleged that Jun was out of status based solely on his previous lawyer's ineffective assistance of counsel. AR 148. USCIS did not respond to the request.

On April 10, 2012, at Plaintiffs' request, USCIS reopened Plaintiffs' case and issued a second RFE. *See* AR 135, 138. The RFE included a request for a letter from Faith Evangelical stating that Jun was terminated in error and has withdrawn from school. AR 138. Plaintiffs responded to the RFE, but did not include the requested letter. (*See* Dkt. No. 1 at 7; *see also* Dkt. No. 19 at 5.)

On November 26, 2012, USCIS issued a notice of intent to deny the I-129 petition. AR 12. The notice stated, "Student & Exchange Visitor Information Systems (SEVIS)[2] indicates that the beneficiary was terminated on September 25, 2006. The Form I-129 petition was filed on September 29, 2006. Therefore, the beneficiary failed to maintain his previously accorded status." AR 15.

---

[2] SEVIS is the data system Immigration and Customs Enforcement uses to collect and maintain information on nonimmigrant students and the schools that host them. 6 C.F.R. Part 5, Appendix C at ¶ 10.

ORDER ON CROSS MOTIONS FOR SUMMARY
JUDGMENT
PAGE - 2

On March 12, 2013 USCIS approved the I-129 petition but denied the request to change Jun's status to R-1 religious worker. AR 1, 3. USCIS stated that "[e]ven though the named worker(s) are ineligible for a change of status, they may depart the United States and apply for a proper visa at a consulate abroad. Then they may apply at a Port of Entry to reenter the U.S. based on that new visa." AR 3.

On May 21, 2015, Plaintiffs filed a complaint with this Court seeking review of the USCIS decision. (Dkt. No. 1.) Plaintiffs moved for summary judgment, arguing USCIS should have granted the change in status because his F-1 student status was erroneously terminated. (Dkt. No. 19 at 5-6.) Defendants filed a cross motion for summary judgment, arguing that USCIS correctly determined that Jun failed to maintain his F-1 status. (*See* Dkt. No. 20 at 6.)

## II.     DISCUSSION

### A.     Review of Administrative Decisions

Under the Administrative Procedure Act, the district court may not set aside an agency's action unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law...." 5 U.S.C. § 706(2)(A); *Safari Aviation Inc. v. Garvey*, 300 F.3d 1144, 1150 (9th Cir. 2002). Review under this standard is narrow, and the court must not substitute its judgment for that of the agency. *Safari Aviation*, 300 F.3d at 1150. "Agency action should be overturned only when the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Id.* (internal quotations omitted).

When the district court reviews an administrative decision, the court is generally not required to resolve any facts. *Occidental Engineering Co. v. I.N.S.*, 753 F.2d 766, 769 (9th Cir. 1985). "[T]he function of the district court is to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did. *De novo* factfinding by the district court is allowed only in limited circumstances." *Id.*

## B. Analysis

Plaintiffs argue that USCIS's decision to deny Jun a change of status was an error of law, because Jun's student status should not have been terminated. (Dkt. No. 19 at 5.)

Generally, a non-immigrant alien who is continuing to maintain his or her non-immigration status may apply to have his or her non-immigrant classification changed to another non-immigrant status. 8 C.F.R. § 248.1(a). With certain exceptions not applicable here, "a change of status may not be approved for an alien who failed to maintain the previously accorded status or whose status expired before the application or petition was filed." 8 C.F.R. § 248.1(b). An F-1 student maintains his or her status during the time in which the student is "pursuing a full course of study." 8 C.F.R. § 214.2(f)(5)(i). An "F–1 student at an academic institution is considered to be in status during the annual (or summer) vacation if the student is eligible and intends to register for the next term."[3] 8 C.F.R. § 214.2(f)(5)(iii).

Plaintiffs first assert that Jun's student status should not have been terminated, because Jun was permitted a vacation quarter under 8 C.F.R. § 214.2(f)(5)(iii). (Dkt. No. 19 at 2.) Plaintiffs argue that "Jun was considering *withdrawing* from Faith Evangelical Seminary, and enrolling in another school, and that he was entitled to a vacation quarter during which he could make that decision." (Dkt. No. 19 at 7-8.) But, under § 214.2(f)(5)(iii), a student must "intend[] to register for the next term." Plaintiffs' argument necessarily means that Jun was unsure if he would return.[4] Jun thus did not qualify for a vacation quarter.

---

[3] Because Jun attended Faith Evangelical for four consecutive academic quarters, he was eligible to take a vacation quarter during the fall term, rather than summer. *See* CAR 125; *see also* 8 C.F.R. § 214.2(f)(5)(iii).

[4] Plaintiffs' reply brief states that Jun asked for a "temporary absence" and therefore intended to return. This is contrary to Plaintiffs' argument that Jun considered withdrawing. (Dkt. No. 19 at 2, 8.) Moreover, this assertion is belied by the record. *See, e.g.*, AR 61 (Jun's declaration that Faith Evangelical "reported my student status to the USCIS as 'terminated,' rather than as a 'withdrawal' as I had intended"); AR 149 (Jun's statement that his lawyer told him "he was not required to enroll . . . for the fall quarter, based upon the fact that he was

Plaintiffs further assert that the I-129 petition was properly filed within the 15-day "status" window for students who withdraw under 8 C.F.R. § 214.2(f)(5)(iv). (Dkt. No. 19 at 8.) Section 214.2(f)(5)(iv) provides: "An F–1 student authorized by the DSO [designated school official] to withdraw from classes will be allowed a 15–day period for departure from the United States. However, an F–1 student who fails to maintain a full course of study without the approval of the DSO or otherwise fails to maintain status is not eligible for an additional period for departure." As Plaintiffs themselves state, Jun was "considering" withdrawing. (Dkt. No. 19 at 7.) But he had not yet done so. And, to the extent the record suggests that Faith Evangelical authorized his withdrawal,[5] such authorization occurred in July 2006, more than 15 days before Plaintiffs filed the Form I-129. Section 214.2(f)(5)(iv) provides no assistance to Plaintiffs.

Based on the evidence in the record and the immigration regulations, Jun failed to maintain his F-1 student status prior to filing his I-129 petition. USCIS was thus required to deny Jun's request for change of status. *See* 8 C.F.R. § 248.1(b) ("[A] change of status may not be approved for an alien who failed to maintain the previously accorded status or whose status expired before the application or petition was filed."). Accordingly, USCIS's decision was not arbitrary, capricious, an abuse of discretion, or otherwise in violation of the law.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion (Dkt. No. 19) is DENIED and Defendants' motion (Dkt. No. 20) is GRANTED.

//

//

//

---

changing his status"); Dkt. No. 1 at 10 n.1 ("Jun decided to withdraw from his course of study at Faith [Evangelical] on approximately September 20, 2006.").

[5] When Jun received the notice of academic probation in July 2006, he spoke to Dr. Lee from Faith Evangelical, who "suggested that [Jun] transfer to another school." AR 129.

1  DATED this 22nd day of March 2016.

*(signature)*

John C. Coughenour
UNITED STATES DISTRICT JUDGE